Case 4:22-cv-00089-CDL   Document 1-1   Filed 05/26/22   Page 1 of 14

**Exhibit A**

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2022CV000517**

APR 25, 2022 12:13 PM

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LYNDA SOJKA,<br><br>　　　　*Plaintiff,*<br><br>vs.<br><br>AGUIRRE EXPRESS CORP., DRIVE NEW JERSEY INSURANCE COMPANY, PROGRESSIVE AMERICAN INSURANCE COMPANY, CARLOS AGUIRRE a/k/a CARLOS AGUIRRE GONZALEZ, ABC TRUCKING COMPANY, XYZ, INC., and JOHN DOES 1-10,<br><br>　　　　*Defendants*. | CIVIL ACTION FILE<br>NO.:  _____<br><br><br>***JURY TRIAL DEMANDED*** |

**COMPLAINT**

　　**COMES NOW** Lynda Sojka, "Plaintiff," and makes and files this Complaint against Defendants Aguirre Express Corp., Drive New Jersey Insurance Company, Progressive American Insurance Company, Carlos Aguirre a/k/a Carlos Aguirre Gonzalez, ABC Corporation, XYZ, Inc., and John Doe 1-10, respectfully showing as follows:

**PARTIES & JURISDICTION**

**1.**

　　Plaintiff Lynda Sojka is a citizen and resident of the State of Georgia, and she is subject to the jurisdiction of this Court.

**2.**

　　Defendant Aguirre Express Corp. ("Aguirre Express") is a foreign corporation existing under the laws of the State of New Jersey with a principal place of business located in New Jersey, and said Defendant is authorized transact business and operate its commercial vehicle within the

State of Georgia. Defendant Aguirre Express may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process, Cody B. Gillies, at 5704 Veterans Parkway, Columbus, Muscogee County, Georgia 31904, and Defendant Aguirre Express is subject to the jurisdiction of this Court.

**3.**

Defendant Aguirre Express is an interstate motor carrier registered and operating under USDOT Number 2355652.

**4.**

Defendant Drive New Jersey Insurance Company ("DNJ Insurance") is a foreign insurance company that exists under the laws of the State of New Jersey with a principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143. Defendant DNJ Insurance transacts business in the State of Georgia, and it may be served through its registered agent, CT Corporation System, located at 820 Bear Tavern Road, Suite #305, West Trenton, New Jersey 08628, in addition to serving said registered agent at its location in Georgia, which is located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046. Defendant DNJ Insurance is subject to the jurisdiction of this Court.

**5.**

In addition to the allegations in Paragraph #3 above, Defendant DNJ Insurance is a foreign insurance company that is neither registered to do business in Georgia nor maintains a registered agent in Georgia. Pursuant to O.C.G.A. § 14-2-1510(b) and § 40-12-2, service shall be made by serving a copy of the Summons and Complaint upon the Georgia Secretary of State, located at 2 Martin Luther King Dr., Ste. #313, West Tower, Atlanta, Georgia 30334, and thereafter Defendant DNJ Insurance may be served with process by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the chief executive officer, chief financial officer,

or secretary of the foreign corporation, or a person holding a position comparable (including but not limited to Charles Conover, President; Patrick Brennan, Treasurer; and Peter Albert, Secretary) to any of the foregoing, at Defendant DNJ Insurance's principal office located at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

**6.**

Defendant DNJ Insurance is subject to the jurisdiction of this Court by transacting business and having contacts within the State of Georgia. Defendant DNJ Insurance may be properly joined in this action pursuant to O.C.G.A. § 9-10-91 and/or § 40-2-140(d)(4).

**7.**

Defendant Progressive American Insurance Company ("PAIC") is a foreign insurance company existing under the laws of the State of Ohio with a principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143. Defendant PAIC is authorized to transact business in the State of Georgia and may be served through its registered agent, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046-4805. Defendant PAIC is subject to the jurisdiction of this Court.

**8.**

Defendant Carlos Aguirre[1] ("Carlos") is an individual resident and citizen of the State of South Carolina, and he may be served through the Georgia Secretary of State, located at 2 Martin Luther King Dr., Ste. #313, West Tower, Atlanta, Georgia 30334, as provided in O.C.G.A. § 40-12-1, *et seq.* and § 40-12-2 of the Georgia Non-Resident Motorist Act. Defendant Carlos can also be served with a copy of the Summons and Complaint at his home address of 272 Rivers Edge Drive, Easley, South Carolina 29642-1665, and he is subject to the jurisdiction of this Court.

---

[1]   Also known as Carlos Aguirre Gonzalez

**9.**

Defendants John Doe 1-10 (hereinafter referred to as "Defendants Doe"), and each of them, are the unknown and unidentified employees, drivers, or agents who caused and/or contributed to the incident forming the basis of the above-styled lawsuit (which is described in further detail below). Defendants Doe, in addition to each individual and/or corporation, partnership, trucking company, motor carrier and/or business entity for whom said Defendants Doe were employed by, driving for, and/or acting in furtherance of their business, are legally responsible, negligently or in some other actionable manner, for the incident forming the basis of this lawsuit. The true name and/or capacity of each and every individual, corporation, partnership, trucking company, motor carrier and/or business entity, individually or collectively, is currently unknown to Plaintiff, who files this lawsuit against Defendants Doe pursuant to or under fictitious names and/or designations. Upon information and belief, Defendants Doe are, individually or together, residents of Georgia and/or business entities that exist under Georgia law with authority to transact business in this State, and Defendants Doe are subject to the jurisdiction of this Court.

**10.**

Defendant ABC Trucking Company ("ABC Trucking") is an unknown individual and/or corporation, partnership, motor carrier, trucking company and/or business entity which owned the commercial vehicle that Defendant Carlos or Defendants Doe were driving and/or on whose behalf Defendant Carlos or Defendants Doe were driving when the subject-collision occurred. Upon information and belief, Defendant ABC Trucking is a domestic business which can be served through its registered agent located in Georgia, and it is subject to the jurisdiction of this Court.

**11.**

Defendant XYZ, Inc. ("XYZ") is an unknown motor carrier, corporation, partnership,

motor carrier and/or business entity which owned the commercial vehicle that Defendant Carlos or Defendants Doe driving and/or for whom Defendant Carlos or Defendants Doe acting in furtherance of their business when the subject-collision occurred. Upon information and belief, Defendant XYZ is a foreign business that can be served through its registered agent located in Georgia, and said business is subject to the jurisdiction of this Court.

12.

The above-styled lawsuit arises out of a motor vehicle collision that occurred on or about May 1, 2020 on the exit ramp of Interstate 20 eastbound at the intersection with Chapel Hill Road in Douglasville, Georgia (hereinafter the "subject-crash").

13.

Jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

14.

On May 1, 2020, Plaintiff was driving on the exit ramp from I-20 eastbound at or near its intersection with Chapel Hill Road in Douglas County, Georgia.

15.

At the same time, Defendant Carlos (or Defendants Doe) was the driver of a tractor-trailer which was traveling directly behind Plaintiff's vehicle in the exit ramp from I-20 eastbound.

16.

As Plaintiff slowed or stopped for vehicles traveling ahead of her, Defendant Carlos (or Defendants Doe) was following too closely and failed to maintain a proper lookout, causing his tractor-trailer to collide with the rear of Plaintiff's vehicle.

**17.**

As a result of the subject-crash, Plaintiff suffered severe and permanent injuries to her head and body that required extensive medical treament.

### COUNT I — Negligence of Defendants Carlos Aguirre and/or John Does 1-10

**18.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #17 above as if fully restated.

**19.**

Defendant Carlos owed a duty to exercise due care while operating his vehicle; to drive in a safe and reasonable manner; to keep a proper lookout; to maintain a safe following distance and not follow too closely; to pay attention and avoid driver distractions at all times; to drive at a safe and reasonable speed; to maintain proper control of his vehicle; to always look and have a plan for hazards and emergencies while driving; and, to take proper evasive actions when necessary.

**20.**

Defendant Carlos breached those duties and, therefore, he was negligent in colliding with Plaintiff's vehicle.

**21.**

If the tractor-trailer was operated by an unknown individual, Defendant John Doe (who is included within Defendants Doe, above) breached the same duties and was, therefore, negligent in colliding with Plaintiff's vehicle based on the same grounds set forth in Paragraphs #16 through #17, above, with respect to the negligence of Defendant Carlos.

**22.**

Defendant Carlos' negligence is the sole and proximate cause of the subject-crash and

Plaintiff' resulting injuries.

## COUNT II — Imputed Liability of Defendant Aguirre Express Corp.

**23.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #22 above as if fully restated.

**24.**

At the time of the subject-crash, Defendant Carlos was an employee of Defendant Aguirre Express and/or under dispatch for Defendant Aguirre Express.

**25.**

At the time of the subject-crash, Defendant Carlos was operating his vehicle for and/or on behalf of Defendant Aguirre Express.

**26.**

At the time of the subject-crash, Defendant Carlos was acting within the scope of his employment with Defendant Aguirre Express.

**27.**

Defendant Aguirre Express is responsible for the negligence of Defendant Carlos under the theory of *respondeat superior* and/or vicarious liability.

**28.**

Defendant Aguirre Express is an interstate motor carrier and, pursuant to applicable federal and state law, is responsible for Defendant Carlos' actions and omissions in the subject-crash under a theory of lease liability, agency, and/or apparent agency.

**29.**

If the tractor-trailer was operated by an unknown individual at the time of the subject-crash,

Defendant Aguirre Express is an interstate motor carrier and, pursuant to applicable law, is still responsible for the negligence of that John Doe (previously identified as John Doe, 1-10) under a theory of lease liability, agency, and/or apparent agency.

### COUNT III — *Imputed Liability of Defendants ABC Trucking Company and/or XYZ, Inc.*

**30.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #29 above as if fully restated.

**31.**

At the time of the subject-crash, Defendant Carlos (or Defendants Doe) was an employee of Defendants ABC Trucking and/or Defendant XYZ, Inc.[2]

**32.**

At the time of the subject-crash, Defendant Carlos (or Defendants Doe) was operating the tractor-trailer for or on behalf of at least one of the Unknown.

**33.**

At the time of the subject-crash, Defendant Carlos (or Defendants Doe) was acting within the scope of his work or employment with at least one of the Unknown.

**34.**

At least one of the Unknown is responsible for the negligence of Defendant Carlos (or Defendants Doe) under a theory of *respondeat superior* and/or vicarious liability.

---

[2] Plaintiff will refer to Defendants John Doe 1-10, ABC Trucking Company, and XYZ, Inc. collectively as "the Unknown" for purposes of Count III.

**35.**

At least one of the Unknown is an interstate motor carrier and is, therefore, responsible for the actions and omissions of Defendant Carlos (or Defendants Doe) under a theory of lease liability, agency, and/or apparent agency and pursuant to applicable federal/state law.

### COUNT IV — Negligent Hiring, Training, Retention & Supervision by Defendant Aguirre Express Corp.

**36.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #35 above as if fully restated.

**37.**

Defendant Aguirre Express was negligent in hiring Defendant Carlos (or Defendants Doe) and entrusting him to operate the commercial vehicle (tractor-trailer).

**38.**

Defendant Aguirre Express was negligent in failing to properly train Defendant Carlos (or Defendants Doe).

**39.**

Defendant Aguirre Express was negligent in failing to properly train Defendant Carlos (or Defendants Doe) and for continuing to retain him as an employee-driver.

**40.**

Defendant Aguirre Express' negligence in hiring Defendant Carlos (or Defendants Doe) and entrusting him to drive a tractor-trailer, and in failing to properly train and supervise Defendant Carlos (or Defendants Doe), was the sole and proximate cause of the subject-crash and Plaintiff's resulting injuries.

### COUNT IV — *Negligent Hiring, Training, Retention & Supervision of Defendant ABC Trucking Company and/or XYZ, Inc.*

**41.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #40 above as if fully restated.

**42.**

Defendants Unknown were negligent in hiring Defendant Carlos (or Defendants Doe) and entrusting him to operate the commercial vehicle (tractor-trailer).

**43.**

Defendants Unknown were negligent in failing to properly train Defendant Carlos (or Defendants Doe).

**44.**

Defendants Unknown were negligent in failing to properly train Defendant Carlos (or Defendants Doe) and for continuing to retain him as an employee-driver.

**45.**

Defendants Unknown's were negligence in hiring Defendant Carlos (or Defendants Doe) and entrusting him to drive a tractor-trailer, and in failing to properly train and supervise Defendant Carlos (or Defendants Doe), was the sole and proximate cause of the subject-crash and Plaintiff's resulting injuries.

### COUNT VI — *Direct Action Against Defendant Drive New Jersey Insurance Company*

**46.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #45 above as if fully restated.

**47.**

Defendant DNJ Insurance is subject to a direct action as the insurer for Defendant Aguirre Express and/or Defendant Carlos pursuant to O.C.G.A. § 40-2-140.

**48.**

Defendant DNJ Insurance was the insurer for Defendant Aguirre Express and/or Defendant Carlos at the time of the subject-crash and issued a liability policy to comply with the filing requirements under Georgia law for intrastate and interstate transportation.

**49.**

Defendants DNJ Insurance and Aguirre Express are subject to the filing requirements set forth and outlined in O.C.G.A. § 40-2-140.

**50.**

Defendants DNJ Insurance and Carlos are subject to the filing requirements outlined and set forth in O.C.G.A. § 40-2-140.

**51.**

Defendant DNJ Insurance is responsible for any judgment rendered against Defendant Aguirre Express and/or Defendant Carlos.

**COUNT VII —** *Direct Action Against Defendant Progressive American Insurance Company*

**52.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #51 above as if fully restated.

**53.**

Defendant PAIC is subject to a direct action as the insurer for Defendant Aguirre Express

and/or Defendant Carlos pursuant to O.C.G.A. § 40-2-140.

**54.**

Defendant PAIC was the insurer for Defendant Aguirre Express and/or Defendant Carlos at the time of the subject-crash and issued a liability policy to comply with the filing requirements under Georgia law for intrastate and interstate transportation.

**55.**

Defendant PAIC and Defendant Aguirre Express are subject to the filing requirements set forth and outlined in O.C.G.A. § 40-2-140.

**56.**

Defendant PAIC and Defendant Carlos are subject to the filing requirements outlined and set forth in O.C.G.A. § 40-2-140.

**57.**

Defendant PAIC is responsible for any judgment rendered against Defendant Aguirre Express and/or Defendant Carlos.

### **COUNT VIII —** *Damages*

**58.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #57 above as if fully restated.

**59.**

As a result of Defendants' negligence, Plaintiff has suffered multiple orthopedic injuries to various parts of her body, including head, neck, back and shoulder.

**60.**

As a result of Defendants' negligence, Plaintiff incurred past medical expenses of at least

$101,133.38 and will continue to incur future medical expenses.

**61.**

As a result of Defendants' negligence, Plaintiff has a claim for past and future mental and physical pain and suffering.

**62.**

As a result of Defendants' negligence, Plaintiff has missed time from work and has a claim for past and future lost wages.

**63.**

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries and damages resulting from the subject-crash.

### COUNT VIII — *Punitive Damages*

**64.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #63 above as if fully restated.

**65.**

The conduct of Defendants was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and, therefore, Plaintiff is entitled to an award of punitive damages in this matter.

**WHEREFORE**, Plaintiff prays that she has a trial on all issues and judgment against Defendants as follows:

- **(a)** That Plaintiff recover the full value of her past and future medical expenses to be proven at trial;

- **(b)** That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

**(c)**   That Plaintiff recover for her permanent disabilities and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury; and

**(d)**   That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

**(e)**   That Plaintiff recover such other and further relief as is just and proper.

This 25th day of April, 2022.

            Respectfully Submitted,
            **TURNBULL HOLCOMB & LEMOINE, P.C.**

            By: *s/ Parker M. Green*
              **PARKER M. GREEN**
              Georgia Bar No. 130593
              **M. ALAN HOLCOMB**
              Georgia Bar No. 879771
              *Co-Counsel for Plaintiff*

945 East Paces Ferry Rd NE, Ste. #2275
Atlanta, Georgia 30326
(404) 793-2566 (office)
(404) 348-4260 (fax)
aholcomb@turnbullfirm.com
pgreen@turnbullfirm.com

            **THE AWAD LAW FIRM, P.C.**

            By: *s/ Ibrahim Awad*
              **IBRAHIM J. AWAD**
              Georgia Bar No. 726229
              **BASHER M. HASSAN**
              Georgia Bar No. 191714
              *Co-Counsel for Plaintiff*

4076 Ebenezer Rd.
Marietta, GA 30066
(706) 890-0000
ibrahim@theawadfirm.com
basher@theawadfirm.com